**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-02659-NYW-KAS

IAN DECKER,

    Plaintiff,

v.

AMER SPORTS WINTER & OUTDOOR COMPANY,

    Defendant.

---

**MINUTE ORDER**

---

**Entered by Judge Nina Y. Wang**

    This matter is before the Court on Plaintiff EEOC's Motion to Consolidate Cases (or "Motion") [Doc. 14], filed by interested party Equal Employment Opportunity Commission ("EEOC"). Defendant Amer Sports Winter & Outdoor Co. ("Defendant" or "Amer") has responded, [Doc. 18], and EEOC has replied, [Doc. 19]. Plaintiff Ian Decker ("Plaintiff" or "Mr. Decker") does not oppose the Motion. [Doc. 14 at 1]. For the reasons set forth below, the Motion to Consolidate Cases is **GRANTED**.

    In brief, this case arises from Amer's alleged age discrimination against Mr. Decker during his tenure as an Amer employee. *See generally* [Doc. 1]. Mr. Decker alleges that after he complained about age discrimination at Amer, he was terminated in retaliation. [*Id.* at ¶¶ 47–60]. Mr. Decker brings claims for age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–34. [Doc. 1 at ¶¶ 61–75]. Less than a month after Mr. Decker initiated this action, EEOC filed its own lawsuit against Amer. *See* Complaint, *EEOC v. Amer Sports Winter & Outdoor Co.*, No. 24-cv-02940-CNS-NRN (D. Colo. Oct. 23, 2024), ECF No. 1 ("EEOC Complaint"). EEOC asserts only an ADEA retaliation claim but otherwise alleges nearly identical underlying facts as Mr. Decker. EEOC Complaint at ¶¶ 102–09. *See generally id.* EEOC seeks both monetary and injunctive relief, *id.* at 14–15, whereas Mr. Decker seeks only monetary damages, [Doc. 1 at 11–12].

    Based on these factual and legal similarities, EEOC moves to consolidate this case with its own lawsuit. [Doc. 14 at 2–5]. Amer objects that (1) EEOC should have moved to intervene rather than to consolidate, and (2) the differences between the cases makes consolidation undesirable and may improperly increase Plaintiff's damages. [Doc. 18 at 2–7]. The Court addresses each argument in turn.

### I.  EEOC May Move for Consolidation Instead of Intervention

Amer first argues that "EEOC should seek to intervene, rather than consolidate, in situations like the present." [Doc. 18 at 2]. To support this position, Amer relies on *EEOC v. Continental Oil Co.*, 548 F.3d 884, 889 (10th Cir. 1977), *see* [Doc. 18 at 3–4]. *Continental Oil* instructs that, for purposes of Title VII of the Civil Rights Act of 1964, when a private person files a lawsuit before EEOC does, EEOC may only participate by intervening in the private suit rather than filing its own. 548 F.2d at 889 ("[T]he statutory provision for intervention must be read as the exclusive procedure by which the EEOC may participate in a previously filed private lawsuit under [Title VII, 42 U.S.C. § 2000e-5(f)(1)]."). Because courts often look to Title VII for guidance in interpreting the ADEA, Amer assumes *Continental Oil*'s holding must apply to the ADEA as well. *See* [Doc. 18 at 3].

The Court respectfully disagrees. *Continental Oil* was decided in the specific context of Title VII's "statutory provision for intervention." 548 F.2d at 889; *see also* 42 U.S.C. § 2000e-5(f)(1) (establishing mechanisms for an aggrieved private party to intervene in a previously filed suit by EEOC, and vice versa). The ADEA's enforcement provision includes no such intervention provision. *See* 29 U.S.C. § 626(b). As EEOC points out, the ADEA parallels its enforcement provision with the Fair Labor Standards Act ("FLSA"), not Title VII. *See* 29 U.S.C. § 626(b) (incorporating 29 U.S.C. §§ 211(b), 216, 217); *see also* [Doc. 19 at 1–4]. Although the ADEA provides that a private right to sue "shall terminate" when EEOC files suit, it does not bar EEOC from suing if a private person sues first. 29 U.S.C. § 626(c)(1).

Consistent with the ADEA's statutory text, the Courts of Appeal to address this issue—the United States Court of Appeals for the Tenth Circuit has not—have held that EEOC is not limited to intervention when a private person sues first. First, the United States Court of Appeals for the Fifth Circuit has held that "Congress did not intend for the EEOC to be barred from bringing enforcement actions on behalf of employees who have already filed individual actions under the ADEA." *See EEOC v. Wackenhut Corp.*, 939 F.2d 241, 244 (5th Cir. 1991). Second, the United States Court of Appeals for the Seventh Circuit, relying in part on *Wackenhut*, recognized the EEOC's "unequivocal statutory right to enforce the [ADEA]," and reversed a district court's dismissal of EEOC's suit when a private person had sued first. *See EEOC v. G-K-G, Inc.*, 39 F.3d 740, 744 (7th Cir. 1994). This Court concurs that, absent statutory language limiting EEOC's ability to bring its own lawsuit after a private person sues, EEOC remains free to do so. Because EEOC was not required to intervene to participate in this action, the Court proceeds to whether consolidation is appropriate.

### II.  Judicial Economy and Fairness Favor Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). "The decision whether to consolidate such actions is left to the sound discretion of the trial court." *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d

2

1324, 1346 (D. Kan. 2008) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)). Rule 42(a) is intended "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Fam. Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quotation omitted). Thus, in exercising this discretion, the Court weighs both "judicial economy and fairness to the parties." *MSPBO, LLC v. Adidas N. Am., Inc.*, No. 13-cv-02287-PAB-KMT, 2014 WL 349102, at *1 (D. Colo. Jan. 30, 2014) (citing *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982)).

As an initial matter, the Court observes that the threshold question under Rule 42(a)—whether the two actions involve a common question of fact or law—is easily met. Mr. Decker and EEOC each bring an ADEA retaliation claim based on the same factual and legal issues surrounding Mr. Decker's allegedly unlawful termination. *See* [Doc. 1 at ¶¶ 70–75]; EEOC Complaint at ¶¶ 102–09. Amer does not dispute this, and notes that it does not object to consolidating portions of discovery for overlapping witness depositions. [Doc. 18 at 7].

Amer maintains, however, that full consolidation would not facilitate judicial economy because EEOC is "likely" to seek "significantly different and more voluminous" discovery than Mr. Decker. [*Id.* at 6]. This argument appears to stem not from a concern that consolidated discovery would take more time for Amer, but that fully consolidated discovery would cause Mr. Decker's counsel to spend more time on discovery. That additional time would "improperly inflate" Mr. Decker's attorney's fees, which could then be recovered from Amer if Mr. Decker prevailed. [*Id.*]. EEOC counters that Amer "exaggerate[s] the difference in the discovery approaches" between Mr. Decker's and EEOC's counsel. [Doc. 19 at 7]. According to EEOC, "it is more likely the discovery sought by the EEOC and Mr. Decker will be quite similar, and Mr. Decker will need more discovery because he brings an additional claim." [*Id.*].

The Court concludes that consolidating the cases will promote judicial economy without unduly prejudicing Defendant. At this early stage of litigation, it remains unclear whether Mr. Decker or EEOC will require "more" discovery in any appreciable amount. Mr. Decker may seek discovery specific to his discrimination claim; EEOC may seek discovery specific to its request for injunctive relief. What is clear is that there will be significantly overlapping discovery and motions practice between the cases, especially with respect to the shared retaliation claim and associated factual issues. It is therefore appropriate for a single presiding and Magistrate Judge to handle all issues consistently. Leaving these two cases unconsolidated would likely impose "the duplication of labor or unnecessary court costs or delay if heard by different judges." *See DeHart v. Stevens-Henager Coll., Inc.*, No. 1:05-cv-000118-PGC, 2005 WL 3277777, at *3 (D. Utah Dec. 2, 2005) (consolidating EEOC and private actions that involved "many of the same parties" and "substantially the same questions of law"). The Court will not ignore the certain efficiency gains to be reaped through consolidation in favor of the uncertain costs that may arise as the Parties refine their discovery strategies. Both *Wackenhut* and *G-K-G* mention consolidation as a tool to bolster judicial economy in cases where EEOC files a

3

similar lawsuit to a private individual. *Wackenhut*, 939 F.2d at 244; *G-K-G, Inc.*, 39 F.3d at 745. This is one of those cases, and this Court is confident that the Magistrate Judge will efficiently address any discovery concerns. In light of these cases' common questions of fact and law, combined with the efficiency and fairness interests at stake, the Motion to Consolidate is respectfully **GRANTED**.[1]

Accordingly, it is **ORDERED** that:

(1) Plaintiff EEOC's Motion to Consolidate Cases [Doc. 14] is **GRANTED**;

(2) Pursuant to Federal Rule of Civil Procedure 42 and D.C.COLO.LCivR 42.1, the Clerk of Court shall **CONSOLIDATE** this case with *EEOC v. Amer Sports Winter & Outdoor Company*, Civil Action No. 24-cv-02940-CNS-NRN;

(3) The Clerk of Court is **DIRECTED** to reassign the magistrate judge referral duties in Civil Action No. 24-cv-02940-CNS-NRN to Magistrate Judge Kathryn A. Starnella;

(4) The Parties shall file all pleadings and papers in this action under the caption of:

Civil Action No. 24-cv-02659-NYW-KAS
*Consolidated with Civil Action No. 24-cv-02940-NYW-KAS*

(5) All filings shall be made in Civil Action No. 24-cv-02659-NYW-KAS; and

(6) The Parties are **ORDERED** to jointly contact Judge Starnella's Chambers no later than May 15, 2025 for the purpose of scheduling a Status Conference to discuss preparation of a revised Scheduling Order.

DATED: May 8, 2025

---

[1] To the extent Amer asserts that it would be "prejudiced by a consolidated trial" because a jury might assume EEOC also endorses Mr. Decker's discrimination claim, [Doc. 18 at 2], the Court notes that Rule 42(b) permits the Court to order separate trials. Fed. R. Civ. P. 42(b). Should this case proceed to trial, Amer may request separate trials in a timely motion.